IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| EFFRIN REYNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:25-CV-00059-H-BU |
| | § | |
| BRYAN THOMPSON, *et al*., | § | |
| | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Effrin Reyna filed this § 1983 action on July 14, 2025, claiming that various Brown County officials violated his federally protected rights. Dkt. No. 1. Reyna's allegations appear to stem from his March 21, 2021 encounter with Brown County Sheriff's Deputies on the roadside one mile south of May, Texas, an unincorporated community in northeastern Brown County. *Id*. Reyna paid the filing fee and is not incarcerated; thus, his claims are not subject to preliminary screening. *Id*.

## I. BACKGROUND

In summarizing this case's factual background for Rule 12(b)(6) purposes, the Court assumes all well-pleaded factual allegations in the plaintiff's Complaint are true. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Reyna alleges that on March 21, 2021, he was "arrested w/ excessive force" and "assaulted by [Defendant] Jim Cornelius" while [Defendant] C.J. Gover "held [me] down with a cuff on my arm behind my back, one officer on each leg, one subduing me with Jim

1

Cornelius' foot crushing my throat as C.J. Gover shot me for the 2nd time." Dkt. No. 1 at 4. Reyna claims that he was "wrongfully [i]ncarcerated, and made to be homeless due to [Defendant] Bryan Thompson's personal call to my brother Terry Burnett, which made me miss my father's funeral." *Id*. Plaintiff further alleges that [Defendant] Joel Kelton "told [me] the County decision to backburn that night, so he and his official called an uncalled for fire evacuation that should never been called, which end[ed] in a death of my father as an immediate result." *Id*. Reyna claims that he "became homeless because of [Defendant] Judge Bryan Thompson's personal call he made to my brother to cover up that night." *Id*.[1]

Reyna states that he suffered injuries as a result of the above, including a "crushed" throat which prevented him from swallowing. *Id*. at 5. He also states that he was shot, but does not describe any injuries specifically attributable to being shot. *Id*. Despite these injuries, Reyan claims that he "received no medical treatment" and will now suffer from post-traumatic stress syndrome (PTSD) for the rest of his life, as well as depression. *Id*.

## II.   PRODECURAL HISTORY

Reyna filed this original action on July 14, 2025, asserting a laundry list of claims, including judicial misconduct, discrimination, excessive force, unlawful arrest, and largely unspecified violations of his rights under the First, Second, Fourth, and Fourteenth Amendments. *Id*. at 3. In sum, he alleges that "every right was broken and taken away from me." *Id*. On August 13, 2025, Defendants jointly filed a Motion to Dismiss Plaintiff's Claims

---

[1] Reyna also suggests that the defendant's torts are ongoing; in his Complaint, Reyna notes that the events giving rise to his claims have continued from March 21, 2021, "till now." Dkt. No. 1 at 4. However, Reyna does not describe any tortious conduct following the events already described.

2

for Failure to State a Claim Upon Which Relief May be Granted. Dkt. Nos. 6, 7. The basis of Defendants's Motion is that Reyna's claims are, on their face, barred by the applicable statute of limitations. Dkt. No. 7 at 5.

### III.     LEGAL STANDARDS

Dismissal for failure to state a claim under Rule 12(b)(6) "turns on the sufficiency of the 'factual allegations' in the complaint.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). Thus, if a plaintiff "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief, the claims should not be dismissed merely because the plaintiff fails to articulate the proper legal theory that otherwise makes those facts actionable in court. *Johnson*, 574 U.S. at 11–12 (citing FED. R. CIV. P. 8(a)(2)–(3), (d)(1), (e)).

For claims to be substantively plausible, a plaintiff must plead facts that permit the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Plaintiffs must plead facts that raise the right to relief above a speculative level. *Chhim,* 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). And when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

When assessing the sufficiency of factual allegations under Rule 12(b)(6), courts accept *well-pleaded* factual allegations as true and views them in the light most favorable to the non-movant. *Chhim,* 836 F.3d at 469; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Well-pleaded" does not necessarily mean detailed, but the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that "tenders naked assertions devoid of further factual enhancement," or puts forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (internal citations omitted). Dismissal is appropriate where the complaint is devoid of facts to establish *any one* of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (emphasis added); *see also Chhim*, 836 F.3d at 469.

"Additionally, courts cannot look beyond the pleadings." *Lusk v. Kroger & Kroger Texas, L.P.*, No. 3:09-CV-0521-O, 2010 WL 26445, at *1 (N.D. Tex. Jan. 6, 2010) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). "The pleadings include the complaint and any documents attached to it." *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). "Likewise, documents that a defendant attaches to its motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims." *Id.* (citing *Collins*, 224 F.3d at 498–99); *see Flinn v. Michael J. Scott, P.C.*, No. 3:14-CV-0701-N, 2014 WL 11460395, at *1 (N.D. Tex. Dec. 2, 2014) (noting that courts may consider documents attached to the movant's pleadings when evaluating a Rule 12(c) motion).

## IV.  DISCUSSION

Defendants's argument that Reyna's claims are barred by the statute of limitations is an affirmative defense. *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 302 (5th Cir. 2014); Fed. R. Civ. P. 8(c)(1). "[A]s a general matter, the Fifth Circuit has determined that Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless a successful affirmative defense appears clearly on the face of the pleadings." *Estate of Barré v. Carter*, 272 F. Supp. 3d 906, 930 (E.D. La. 2017) (citing *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas,* 20 F.3d 1362, 1366 (5th Cir. 1994) (internal quotation marks omitted).

In pertinent part, Reyna's Complaint alleges the following:

> What date and approximate time did the events giving rise to your claim(s) occur?
> ~~MARCH 21~~ till NOW
> MARCH-21-2021

Dkt. No. 1 at 4.

§ 1983 does not include a statute of limitations. 42 U.S.C. § 1983. Instead, the Supreme Court determined that the general statute of limitations of the forum state for personal injuries governs § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 239 (1989). In Texas, a plaintiff has two years from the time his claims accrue to file a personal injury claim,

5

including a claim filed under § 1983. *Balle v. Nueces Cty., Texas,* 952 F.3d 552, 556 (5th Cir. 2017) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)). And because federal courts borrow the Texas statute of limitations in § 1983 cases, Texas's equitable tolling principles are also borrowed. *See Board of Regents of Univ. of State of N.Y. v. Tomanio,* 446 U.S. 478, 485 (1980).

But unlike tolling, *accrual* is a question of federal law, not state law. *Nottingham v. Richardson*, 499 F.App'x 368, 375 (5th Cir. 2012); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (holding that while the forum state's statute of limitations are used in a § 1983 claim, federal law governs when the cause of action accrues). And "[u]nder federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Russell v. Bd. of Trustees,* 968 F.2d 489, 493 (5th Cir.1992) (quoting *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir.1987)).

Awareness for accrual purposes consists of two elements: (1) awareness of the injury, and (2) awareness of the connection between the injury and the defendant's actions. *See Stewart v. Par. of Jefferson,* 951 F.2d 681, 684 (5th Cir.) *cert. denied,* 506 U.S. 820 (1992). It is not required that a plaintiff realize that a legal cause of action exists, provided he knows of the *facts* that would ultimately support a claim. *See Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir.1983) ("The plaintiff need not have knowledge of fault in the legal sense for the statute to begin to run, but she must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection ... or (b) to seek professional advice, and then, with that advice, to conclude that there was a

6

causal connection between the [defendant's acts] and injury."); *see also Rotella v. Pederson*, 144 F.3d 892, 894 (5th Cir.1998) (holding that ignorance of the law and illiteracy are not grounds for equitable tolling) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991).

Moreover, a plaintiff need not have actual knowledge of the facts giving rise to a claim if the circumstances would lead a reasonable person to investigate further. *See Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) ("Under federal law, the limitations period commences when 'the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge' thereof." (quoting *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981))).

To support their Motion, Defendants point to Reyna's alleged date of injury of March 21, 2021, which is beyond the applicable two-year statute of limitations. Dkt. No. 7 at 5. If the Court stops there, it appears that Reyna's claims are indeed time-barred. But the Court must also consider the nearby phrase, "till now." Dkt. No. 1 at 4. Liberally construed, this phrase plausibly suggests Reyna is invoking Texas's continuing tort doctrine.

Under Texas law, a continuing tort is one that continues to inflict additional injury until the tortious conduct ceases. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 592 (Tex. 2017) (quoting *First Gen. Realty Corp. v. Md. Cas. Co.*, 981 S.W.2d 495, 501 (Tex. App.—Austin 1998, pet. denied)). *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007) (quoting *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied)). "For continuing torts, 'the cause of action is not complete and

7

does not accrue until the tortious acts have ceased.'" *Id.* (quoting *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex. App.—Austin 1990), *rev'd on other grounds*, 855 S.W.2d 619 (Tex. 1993)).

There are two reasons the continuing tort doctrine will not save Reyna's otherwise time-barred claims. First, the doctrine is an accrual doctrine, not a tolling doctrine. And as explained above, accrual of a claim is a question of federal law. *See Nottingham*, 499 F. App'x at 375. Under federal law, accrual occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Russell*, 968 F.2d at 493. For Reyna, as explained above, this means his claims accrued no later than March 21, 2021.

Second, in determining whether to apply the continuing tort doctrine, Texas courts instruct that "care must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortuous acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Rogers v. Ardella Veigel Inter Vivos Tr. No. 2*, 162 S.W.3d 281, 290 (Tex. App. 2005); *see also McGowan v. S. Methodist Univ.*, 715 F.Supp. 3d 937, 950 (N.D. Tex. Feb. 2024) (quoting *Decker v. Routledge*, 2020 WL 291804, at *3 (S.D. Tex. 2020)).

Here, even under a liberal construction, Reyna has pleaded at best continuing injuries, but not continuing wrongful acts by the Defendants. Reyna's allegations plausibly suggest that he continues to suffer from the Defendants' violations of his federally protected rights. But all harmful acts by the Defendants were allegedly perpetrated on Reyna on March 21, 2021, or in close proximity to that date:

8



Dkt. No. 1 at 4.

Accepting as true that Reyna continues to suffer from the harm caused to him on March 21, 2021, these facts do not reasonably support the further inference that the Defendants also continued to engage in allegedly wrongful acts up to within two years of Reyna filing this action. "[L]iberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a pro se plaintiff'" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Because Reyna's claims appear time-barred on their face, the Court considers whether any of the claims can be saved through equitable tolling or deferred accrual of the claims. As explained above, for this § 1983 case, the Court borrows from Texas both its

9

statute of limitations and its equitable tolling principles. And equitable tolling is sparingly applied by Texas courts. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (per curiam). To be entitled to equitable tolling under Texas law, a plaintiff must demonstrate that he "actively pursued his judicial remedies but filed a defective pleading during the statutory period" or "was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. – Dallas 2005).

Reyna has alleged no facts from which the Court could reasonably infer that he was induced or tricked into missing the filing deadlines for his claims. Nor does it appear that he diligently pursued his legal remedies after becoming aware of his claims. For these reasons, Texas's equitable tolling principles are not available to Reyna.

Texas law also provides for the suspension of a statute of limitations for those under a legal disability, including persons who are "of unsound mind." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). But Reyna does not claim to be of unsound mind. Accepting as true that he suffers from PTSD and depression—for which he is under a doctor's care and receives medication—there are no allegations to support that these conditions prevented him from appreciating either that he sustained injuries on March 21, 2021, or that the Defendants were responsible for those injuries.

To the extent Reyna's factual allegations can be construed to invoke the discovery rule, the result is the same. The relief provided by the discovery rule is in the nature of deferring the *accrual* of a cause of action, not the tolling of the statute of limitations. *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). And as explained

above, the accrual of § 1983 claim is determined by reference to federal law, not state law. *Id.*; *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008); *Nottingham*, 499 F.App'x at 375. Under the federal discovery rule, the limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Russell,* 968 F.2d at 493.

For Reyna, the undersigned finds that this would have been on March 21, 2021. Reyna does not claim that he was unaware of the facts giving rise to his claims against the defendants and has provided no facts to suggest that the time-barred claims are the type of claims that would require more than two years to understand constituted violations of his rights.

Reyna's claims are time-barred on the face of his pleadings, and none of the applicable exceptions to accrual or tolling alter this finding. The undersigned therefore concludes that Reyna's Complaint fails to state a claim for which relief can be granted, and should be dismissed.

## V.    FURTHER LEAVE TO AMEND

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

The Fifth Circuit has recently reiterated the importance of providing plaintiffs with "a meaningful opportunity" to either respond to pleading deficiencies or further develop factual allegations before a court *sua sponte* dismisses the plaintiff's case. *Atkins v. Propst*, No. 20-11008, 2022 WL 24504, at *1 (5th Cir. 2022). But notice and an opportunity to amend is not required where the plaintiff has alleged his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986). And here, unlike pro se claims that may suffer only from a need for more factual development, Reyna's claims appear on their face to be time-barred regardless of the facts.

After Defendants filed their Motion, Reyna had 21 days to either amend his claims, respond to the Motion, or both. He did neither. Nor did he seek more time to amend or respond. As explained below, Reyna has 14 days from the date of this FCR to object to the undersigned's findings, conclusions, and recommendations, providing him with yet another opportunity to explain why the dismissal of his claims is unwarranted. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (finding that the objection period following a magistrate judge's recommendation for *sua sponte* dismissal of claims against an unserved state official provided the plaintiff with adequate notice and opportunity).

## VI.   CONCUSION

For the reasons explained in this FCR, the undersigned recommends that the Court GRANT Defendants's Motion and DISMISS Reyna's claims as time-barred.

## VII.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Find-

ings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      ENTERED this 23rd day of September 2025.

_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE